FILED
2023 Aug-15  AM 08:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **PATRICK GOODE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 5:22-cv-68-LCB** |
| | ) | |
| **KILOLO KIJAKAZI,** *Acting* | ) | |
| ***Commissioner of Social Security***, | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>OPINION & ORDER</u>

Patrick Goode appeals a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g). (Doc. 1 at 1). In short, he claims that the Commissioner wrongly denied his applications for Social Security benefits. *Id.* at 1–2. As explained below, the Court finds no error in the Commissioner's decision. The Court therefore affirms the decision and dismisses this case with prejudice.

## I.     STATUTORY FRAMEWORK & STANDARD OF REVIEW

The Social Security Act establishes who is eligible to receive Social Security benefits. *Martin v. Sullivan*, 894 F.2d 1520, 1530 (11th Cir. 1990). Under the Act, an administrative law judge (ALJ) evaluates an application for benefits by conducting a five-step analysis:

(1)  Is the claimant engaged in substantial gainful activity?
(2)  Does the claimant have a severe impairment?

(3)  Does the claimant have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1?

(4)  Is the claimant able to perform former relevant work?

(5)  Is the claimant able to perform any other work within the national economy?

20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1] An ALJ reaches step 4 only if a claimant is not engaged in substantial gainful activity (step 1), has a severe impairment (step 2), and does not have an impairment or combination of impairments that meets or medically equals a listed impairment (step 3). *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

To evaluate whether a claimant is able to perform former relevant work (step 4) and, if not, is able to perform any other work within the national economy (step 5), an ALJ must first determine the claimant's residual function capacity (RFC). *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). A claimant's RFC is defined as that which the claimant can do despite his limitations. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). A claimant is disabled if he can perform neither former relevant work nor any other work within the national economy. *McDaniel*, 800 F.2d at 1030.

By contrast, a claimant is not disabled if he can perform former relevant work or any other work within the national economy. *Id.* Should an ALJ determine that a

---

[1] A claimant bears the burden of proof through step four; the Commissioner bears the burden of proof at step five. *See Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996).

claimant is not disabled, the claimant may request review of the ALJ's decision before the Social Security Appeals Council. 20 C.F.R. §§ 404.1775(a), 416.1467. If the Council denies review, the ALJ's decision becomes the final administrative decision of the Commissioner. *Samuels v. Acting Comm'r of Soc. Sec.*, 959 F.3d 1042, 1045 (11th Cir. 2020). A claimant may then seek judicial review of the Commissioner's decision in federal court. 42 U.S.C. § 405(g).

A federal court, however, is limited in its review of the Commissioner's final decisions. *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986). A reviewing court will not disturb the Commissioner's factual findings if they are supported by substantial evidence. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991). Substantial evidence is more than a scintilla, but less than a preponderance; it is that which a reasonable person would accept as adequate to support a conclusion. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam).

## II.    BACKGROUND

Patrick Goode has a history of chest pain. (Tr. at 20–24, 42, 65).[2] On June 6, 2019, he applied for disability insurance benefits and supplemental security income with the Social Security Administration. *Id.* at 302, 309. The Commissioner denied

---

[2] "Tr." is a consecutively paginated transcript of the administrative proceedings below and spans from ECF Doc. 8-1 to ECF Doc. 8-50. For clarity and consistency with the parties' briefs, the Court cites to the consecutive pagination of the transcript instead of the ECF pagination.

his applications at the administrative level, and Goode requested review by an ALJ. *Id.* at 107, 116.

Before the ALJ, Goode testified that he is unable to work due to chronic chest pain. *Id.* at 44. He explained that the pain occurs during "minimal physical activity," prevents him from lifting anything over ten pounds, and requires him to lie down. *Id.* at 42–43. Twice a week, Goode stated, he takes nitroglycerin because the pain is unbearable, despite the fact that the medication makes him "go to sleep and be tired." *Id.* at 43. He testified that he can only walk five to six feet and perform household chores for five to ten minutes before needing to rest. *Id.* at 65, 69.

In July 2021, the ALJ affirmed the denial of Goode's applications in accordance with the five-step analysis described above. *Id.* at 26. At steps one and two respectively, the ALJ found that Goode has not engaged in substantial gainful activity since his symptoms allegedly began and that he suffers from the following severe impairments: ischemic heart disease, congestive heart failure, and obesity. *Id.* at 18. Then, at step 3, the ALJ determined that Goode does not have an impairment or combination of impairments that meets or medically equals the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 19.

Before proceeding to step four, the ALJ determined that Goode has an RFC to perform a range of "sedentary work."[3] *Id.* In doing so, the ALJ found that Goode's impairments could reasonably be expected to cause his alleged symptoms, but that Goode's testimony regarding "the intensity, persistence, and limiting effects" of those symptoms was not entirely consistent with the record evidence. *Id.* at 20. The ALJ reasoned that regular examinations indicate that Goode is "alert and oriented" and that his "cardiac status remains stable." *Id.* at 23. The ALJ also noted that Goode "regularly exhibits normal breath sounds" and has "good oxygen saturation" and that "his chest pain often is described as musculoskeletal in nature." *Id.* For these reasons, the ALJ discredited Goode's testimony regarding the disabling effects of his symptoms. *Id.* at 23.

After determining Goode's RFC, the ALJ moved to step four. *Id.* at 24. There, the ALJ determined that Goode is unable to perform any past relevant work as a metal door assembler, "helper-steel fabrication," or fast food cook. *Id.* The ALJ then proceeded to the fifth and final step and considered whether Goode can perform any other work within the national economy given his age, education, work experience, and RFC. *Id.* at 25. Answering that question in the affirmative, the ALJ concluded that Goode is not disabled for purposes of the Social Security Act. *Id.* at 26.

---

[3] The Social Security Act defines "sedentary work" as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. §§ 404.1567(a), 416.967(a).

Following the ALJ's decision, Goode requested further review before the Social Security Act Appeals Council. *Id.* at 1. The Council declined the request and informed Goode of his right to bring suit in federal court under 42 U.S.C. § 405(g). *Id.* at 1–3. This action followed.

## III.   DISCUSSION

Goode claims that the ALJ erred in concluding that he is not disabled. (Doc. 1 at 1). In support, he makes two arguments: (1) the ALJ erroneously found that his lumbar degenerative disc disease is not a severe impairment; and (2) the ALJ improperly discredited his testimony regarding the disabling effects of his symptoms. (Doc. 10 at 5, 9). The Court addresses each argument in turn.

### A.   Whether the ALJ erred by finding that Goode's lumbar degenerative disc disease is not a severe impairment.

Goode first argues that the ALJ erroneously found that his lumbar degenerative disc disease is not a severe impairment. (Doc. 10 at 5). At step two of the statutory analysis, an ALJ must determine whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).[4] The finding of any severe impairment satisfies this requirement. *Jamison v. Bowen*, 814 F.2d 585, 588

---

[4] An impairment is severe when it "significantly limits" the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). By contrast, an impairment is not severe only if it "is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *McDaniel*, 800 F.2d at 1031.

(11th Cir. 1987). An ALJ need not identify "all of the impairments that should be considered severe." *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010) (per curiam); *accord Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014) (per curiam).

In this case, the ALJ found, at step two, that Goode has three severe impairments: (1) ischemic heart disease; (2) congestive heart failure; and (3) obesity. (Tr. at 18). Accordingly, the ALJ satisfied step two of the statutory analysis—notwithstanding the fact that, in doing so, the ALJ found that Goode's lumbar degenerative disc disease is not also a severe impairment. Goode's first argument therefore fails.

**B.     Whether the ALJ improperly discredited Goode's testimony.**

Goode next argues that, in determining his RFC, the ALJ improperly discredited his testimony regarding the disabling effects of his impairments. (Doc. 10 at 9). A claimant may establish disability through his own subjective testimony by producing: "(1) evidence of an underlying medical condition and *either* (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam) (emphasis added).

7

If a claimant satisfies this test, the inquiry shifts to whether and to what extent the claimant's symptoms limit his capacity for work. 20 C.F.R. § 404.1529(a). This requires an ALJ to determine "the intensity, persistence, and functionally limiting effects" of a claimant's pain based on the record as a whole. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995) (per curiam). An ALJ "must articulate explicit and adequate reasons" for discrediting a claimant's subjective testimony. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam); *accord Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 807 (11th Cir. 2013) (per curiam).

Here, Goode testified that he is unable to work due to chronic chest pain. (Tr. at 44). He explained that the pain occurs during "minimal physical activity," prevents him from lifting anything over ten pounds, and requires him to lie down. *Id.* at 42–43. Twice a week, Goode stated, he takes nitroglycerin because the pain is unbearable, despite the fact that the medication makes him "go to sleep and be tired." *Id.* at 43. He testified that he can only walk five to six feet and perform household chores for five to ten minutes before needing to rest. *Id.* at 65, 69.

The ALJ found that Goode's impairments could reasonably be expected to cause his alleged symptoms, but that Goode's testimony regarding "the intensity, persistence, and limiting effects" of those symptoms was not entirely consistent with the record evidence. *Id.* at 20. The ALJ reasoned that regular examinations indicate that Goode is "alert and oriented" and that his "cardiac status remains stable." *Id.*

at 23. The ALJ also noted that Goode "regularly exhibits normal breath sounds" and has "good oxygen saturation" and that "his chest pain often is described as musculoskeletal in nature." *Id.* Having reviewed the entire record, the Court finds that substantial evidence supports the ALJ's credibility determination.

Goode counters that the ALJ failed to consider evidence consistent with his testimony—namely, evidence that he has "recurrent, chronic, and persistent" angina. (Doc. 10 at 13–14). An ALJ, however, need not refer to or discuss every piece of record evidence, so long as the decision is sufficient "to enable [a reviewing court] to conclude that the ALJ considered [the claimant's] medical condition as a whole."[5] Here, the ALJ's decision includes a *thorough* summary of the record evidence. (Tr. at 20–24). The decision, far from a broad rejection of the record evidence, makes clear that the ALJ considered Goode's medical condition as a whole. In sum, the Court has no trouble concluding that the ALJ properly discredited Goode's testimony and that substantial evidence supports the ALJ's RFC determination.

## IV.   CONCLUSION

Goode shows no error in the Commissioner's decision. Accordingly, the Court **AFFIRMS** the decision and **DISMISSES** this case with prejudice. The Court will enter a final judgment separately.

---

[5] *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) (alterations in original) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)).

**DONE** and **ORDERED** August 15, 2023.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE